A rehearing was granted in this matter limited, however, to the question of the amount of the plaintiff's recovery. For the facts and law of the case, see (La.App.) 170 So. 416.
Counsel for defendant tells us that the award of $8,000, granted in our original decree, of which $1,000 was allowed for plaintiff's medical expenses, etc., and $7,000 for her injuries, including her permanent disability, is excessive and out of line with the established jurisprudence. He cites in support of his contention the case of Florita Dillon v. New Orleans Public Service, Inc., 170 So. 406, wherein we allowed Miss Dillon the sum of $3,460 for injuries consisting of a fracture of the tibia and fibula, and it is asserted that the injuries of Mrs Mosher in the case at bar are similar to those suffered by Miss Dillon.
In the Dillon Case, supra, after the plaintiff received the injuries above described, she sustained a second injury to her leg which had no causal connection with the negligence of the defendant company. Our opinion in that case does not make any reference to the second injury suffered by Miss Dillon because the record failed to establish to our satisfaction that the defendant was responsible for it. The allowance was based entirely upon consideration of the initial injury, viz., the fracture of her leg which healed within a short period of time.
The injuries received by Mrs. Mosher, as a result of the negligence of the defendant, are far more serious than those suffered by Miss Dillon. The nature of Mrs. Mosher's injuries are discussed at length by us in our original opinion, and a review of the record convinces us that the allowance is fair and reasonable, considering all of the circumstances of the case.
For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this court.
 Original decree reinstated. *Page 175